Case 2:21-cv-00203-JMA-ST   Document 1-1   Filed 01/14/21   Page 1 of 15 PageID #: 4

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**
-----------------------------------------------------------------------X

ALEX PACIFICO, on behalf of himself and all others similarly
situated,

                             Plaintiff,

          v.

MIDLAND CREDIT MANAGEMENT, INC. and
JOHN AND JANE DOES 1-10,

                       Defendants.

-----------------------------------------------------------------------X

To the above-named Defendant:

Index No.:

**SUMMONS**

Plaintiffs designate
SUFFOLK
as the place of trial

The basis of the venue is
Plaintiff's residence

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance on the plaintiff's attorney within 20 days after the service of this summons, exclusive

of the day of service (or within 30 days after the service is complete if this summons is not

personally delivered to you within the State of New York); and in case of your failure to appear

or answer, judgment will be taken against you by default for the relief demanded in the

complaint.

Page **1** of **13**

Case 2:21-cv-00203-JMA-ST   Document 1-1   Filed 01/14/21   Page 2 of 15 PageID #: 5

Dated: December 11, 2020

_____
*s/Simon Goldenberg*
Simon Goldenberg

Simon Goldenberg
LAW OFFICE OF SIMON GOLDENBERG PLLC
818 East 16th Street
Brooklyn, New York 11230
Telephone: (347) 640-4357
E-mail: simon@goldenbergfirm.com

*Attorney for Plaintiff, Alex Pacifico*

Case 2:21-cv-00203-JMA-ST   Document 1-1   Filed 01/14/21   Page 3 of 15 PageID #: 6

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**
-------------------------------------------------------------------X

ALEX PACIFICO, on behalf of himself and all others similarly
situated,

                               Plaintiff,

                   v.

MIDLAND CREDIT MANAGEMENT, INC., and
JOHN AND JANE DOES 1-10,

                          Defendants.
-------------------------------------------------------------------X

Index No.:

**COMPLAINT AND**
**DEMAND FOR JURY**

       This action is brought by Plaintiff, ALEX PACIFICO ("PACIFICO") against Defendant,

MIDLAND CREDIT MANAGEMENT, INC. ("MIDLAND") and JOHN AND JANE DOES 1-

10 ("DOES"), based on the following:

### I.     PRELIMINARY STATEMENT

       1.     Plaintiff brings this action to seek redress for the illegal practices of Defendant,

when attempting to collect alleged debt from him, in violation of the Fair Debt Collection

Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p).

       2.     Such practices include attempting to collect consumer debts by engaging in

conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

       3.     The FDCPA regulates the behavior of "debt collectors" (including collection

agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt.

Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection

practices by many debt collectors" which "contribute to a number of personal bankruptcies,

marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The

FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4.      The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7.      When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a

list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

8.      When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

9.      When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000, and a class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less. 15 U.S.C. § 1692k(a)(2)(A)-(B).

10.     Plaintiff seeks, both individually and on behalf of all others similarly situated, such relief as is allowed under the FDCPA including, without limitation, statutory damages, attorney fees and costs.

## II.     PARTIES

11.     PACIFICO is a natural person who at all times relevant to this lawsuit was a citizen of, and resided in, the Town of Mastic Beach, Suffolk County, New York.

12.     MIDLAND is a for-profit corporation formed under the laws of the State of Kansas.

13.     Midland maintains its principal place of business at 3111 Camino Del Rio North, Suite 103, Dan Diego, California 92108.

14.     MIDLAND's registered agent in New York is Corporation Service Company, 80 State Street, Albany, New York 12207-2541.

Page **5** of **13**

Case 2:21-cv-00203-JMA-ST   Document 1-1   Filed 01/14/21   Page 6 of 15 PageID #: 9

15.     DOES are sued under fictitious names as their true names and capacities are yet

unknown to Plaintiffs. Plaintiff will amend this complaint by inserting the true names and

capacities of the DOE defendants once they are ascertained.

### III.     JURISDICTION & VENUE

16.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d).

17.     The Court has personal jurisdiction over Defendant pursuant to CPLR 301 and

CPLR 302(a)(1) because Defendant transacts business within the state.

18.     Venue is appropriate in Suffolk County pursuant to CPLR 503 and 509 because

Plaintiff resides in Suffolk County.

### IV.     FACTS RELATING TO DEFENDANT

19.     MIDLAND regularly engages in the collection or attempted collection of

defaulted consumer debts owed to others.

20.     MIDLAND is a business, the principal purpose of which is the collection of

defaulted consumer debts.

21.     In attempting to collect debts, MIDLAND uses instruments of interstate

commerce such as the mails, the telephone, the the internet.

22.     On information and belief, and based on advice of counsel, DOES are natural

persons and/or business entities all of whom reside or are located within the United States who

personally created, instituted and, with knowledge that such practices were contrary to law, acted

consistent with, conspired with, engaged in, and oversaw the violative policies and procedures

used by the employees of MIDLAND that are the subject of this Complaint. DOES personally

control, and are engaged in, the illegal acts, policies, and practices utilized by MIDLAND and,

therefore, are personally liable for all the wrongdoing alleged in this Complaint.

Case 2:21-cv-00203-JMA-ST   Document 1-1   Filed 01/14/21   Page 7 of 15 PageID #: 10

## V.  FACTS RELATING TO PACIFICO

23.      MIDLAND mailed, or caused to be mailed, a letter dated December 11, 2019 ("the Letter") to PACIFICO.

24.      A true and correct copy of the Letter is attached as ***Exhibit A***, except that portions of the Letter are redacted.

25.      On information and belief, the Letter was mailed on or after the Letter's date.

26.      The Letter concerned a financial obligation ("the Debt").

27.      The Debt was placed with MIDLAND for purposes of collection.

28.      The Letter was MIDLAND's first written communication to PACIFICO to attempt to collect the Debt.

29.      The Letter contended that PACIFICO owed the Debt.

30.      The PACIFICO Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

31.      The Letter stated: "Alex! Pay by 1/10/2020 SAVE 10%". (emphasis in original).

32.      The Letter further states: "[t]his month we are going to save you money- 10% to be exact!. . .NO Interest! NO More Calls! No More Letters!. . . Hurry! This offer expires 1/10/2020." (emphasis in original).

33.      The least sophisticated consumer would be deceived and misled by the format and contents of the Letter because it creates a sense of urgency in Plaintiff and impresses upon him a deadline for a "one-time, take-it-or-leave-it-offer", despite that additional offers would be available thereafter, perhaps even with greater savings to PACIFICO.

34.     The least sophisticated consumer would be deceived and misled by the Letter in that it creates further urgency for him to accept the settlement as a condition for all calls to stop, letters to stop and interest to stop accruing.

35.     MIDLAND's created a false sense of urgency which could materially affect the financial decisions of the least sophisitcated consumer.

36.     The Letter deprived PACIFICO of truthful, non-misleading information in connection with MIDLAND's attempt to collect a debt.

## VI. CLASS ALLEGATIONS

37.     The Letters are form letters. Specifically, the Letters were created by merging electronically-stored information specific to the Debts (including but not limited to the addressee's name and address) with predetermined electronically-stored text and any graphics defined by a template, and printing the result. In effect, the Debt-specific information is used to populate the blanks in the template to produce the Letters.

38.     MIDLAND's conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by Plaintiffs, both individually and on behalf of similarly situated individuals, pursuant to NY CLS CPLR § 901.

39.     ***Class Definition.*** The Class is defined as:

> All natural persons to whom Midland Credit Management, Inc. mailed a written communication in the form of ***Exhibits A*** to a New York address during the Class Period beginning on December 11, 2019 and ending on January 15, 2020 to offering a one-time settlement offer and/or reduction with the notations "NO Interest! NO More Calls! And NO More Letters!

Case 2:21-cv-00203-JMA-ST   Document 1-1   Filed 01/14/21   Page 9 of 15 PageID #: 12

40.     Class members' identities are readily ascertainable from MIDLANDS's business

records and the business records of those entities on whose behalf MIDLAND collects debts.

41.     *Class Claims.* The Class Claims are the claims which each Class member may

have for any violation of the FDCPA arising from MIDLAND having sent a written

communication in the same form as *Exhibits A*.

42.     This action has been brought, and may properly be maintained, as a class action

pursuant to the provisions of NY CLS CPLR § 901because there is a well-defined community

interest in the litigation:

    (a)    *Numerosity.* On information and belief, the Class is so numerous that

           joinder of all members would be impractical and includes at least 40

           members.

    (b)    *Common Questions Predominate.* Common questions of law and fact

           exist as to all members of the Class and those questions predominate over

           any issues involving only individual class members because those

           questions concern the same conduct by Defendant with respect to each

           Class member.

    (c)    *Typicality.* The claims of the Plaintiff are typical of the Class members

           because those claims arise from a common course of conduct engaged in

           by Defendant.

    (d)    *Adequacy.* Plaintiff swill fairly and adequately protect the interests of the

           Class members insofar as they have no interests that are adverse to those

           of  the Class members. Moreover, Plaintiffs are committed to vigorously

Page **9** of **13**

Case 2:21-cv-00203-JMA-ST Document 1-1 Filed 01/14/21 Page 10 of 15 PageID #: 13

litigating this matter and have retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

43. Certification of a class under NY CLS CPLR § 901 is appropriate in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

44. Based on discovery and further investigation (including, but not limited to, disclosure by Defendant of class size and net worth), Plaintiffs may seek class certification: (a) only as to particular issues as permitted under NY CLS CPLR § 906, (b) using a modified definition of the Class or the Class Claims; and (c) a different Class Period.

## VII. CAUSE OF ACTION FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

45. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

46. MIDLAND is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

47. DOES are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

48. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

49. PACIFICO is a "consumer" as defined by 15 U.S.C. § 1692a(3).

50. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

51. The use and mailing of *Exhibit A* by MIDLAND violated the FDCPA in one or more following ways:

    (1) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

    (2) Falsely misrepresenting the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A);

Page **10** of 13

(3)     Using a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10);

(4)     Using unfair means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f; and

## VIII.   PRAYER FOR RELIEF

52.     WHEREFORE, Plaintiff demands judgment against MIDLAND. Specifically, Plaintiff requests entry of an Order:

(1)     Awarding statutory damages to Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2);

(2)     Awarding attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(3)     Awarding, to the extent the recovery of attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to Plaintiff, a sum sufficient to ameliorate such consequences;

(4)     Certifying this action may be maintained as a class action pursuant to NY CLS CPLR § 901 including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel;

(5)     Awarding an incentive award to Plaintiff for their services on behalf of the Class; and

(6)     Providing for such other and further relief as may be just and proper.

Case 2:21-cv-00203-JMA-ST   Document 1-1   Filed 01/14/21   Page 12 of 15 PageID #: 15

## IX.  JURY DEMAND

53.  Trial by jury is demanded on all issues so triable.


Dated: December 11, 2020


_____
*s/Simon Goldenberg*
Simon Goldenberg

Simon Goldenberg
LAW OFFICE OF SIMON GOLDENBERG PLLC
818 East 16th Street
Brooklyn, New York 11230
Telephone: (347) 640-4357
E-mail: simon@goldenbergfirm.com

*Attorney for Plaintiff, Alex Pacifico*

To:
MIDLAND CREDIT MANAGEMENT, INC.
3111 Camino Del Rio North, Suite 103, Dan Diego, California 92108.

Case 2:21-cv-00203-JMA-ST   Document 1-1   Filed 01/14/21   Page 13 of 15 PageID #: 16

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**
-------------------------------------------------------------------X
ALEX PACIFICO, on behalf of himself and all others similarly
situated,

                                Plaintiff,

         v.


MIDLAND CREDIT MANAGEMENT, INC. and
JOHN AND JANE DOES 1-10,

-------------------------------------------------------------------X

Index No.:

**SUMMONS**


SUMMONS AND COMPLAINT

---

Law Office of Simon Goldenberg PLLC

Attorney for

Alex Pacifico
Plaintiff

818 East 16th Street
Brooklyn, NY 11230
(347) 640- 4357

Page **13** of **13**



## Important Disclosure Information:

**Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

**Calls to and/or from this company may be monitored or recorded.**

### Basic Information

| | | | |
|---|---|---|---|
| Original Creditor | SYNCHRONY BANK | MCM Account Number | |
| Original Account Number | xxxxxxxxxxxx | Charge-Off Date | 6/30/2019 |
| Current Creditor The sole owner of this debt | Midland Credit Management, Inc. | Current Servicer | Midland Credit Management, Inc. |
| Last Payment Date | 11/2/2018 | Date of Default | 1/2/2019 |

### Important Contact Information

| Send Payments to: | Send disputes or an instrument tendered as full satisfaction of a debt to: |
|---|---|
| Midland Credit Management, Inc. PO Box 301030 Los Angeles, CA 90030-1030 | Attn: Consumer Support Services 320 E Big Beaver Rd. Suite 300 Troy, MI 48083 You may also call: 877-653-5260 |

We are required under state law to notify consumers of the following additional rights. This list does not contain a complete list of the rights consumers have under applicable law:

New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728, 2022587, 2023151, 2023152, 2027429, 2027430, 2027431, 2058507

DPRODB

*By providing your telephone number below, you authorize MCM or its agents to contact you regarding your account at such number by any means, including calling, texting, using automated dialer systems and automatic telephone dialing systems, and using pre-recorded or artificial voice messages. By providing your e-mail address below, you agree to receive electronic mail communications from MCM or its agents regarding your account at such e-mail address and confirm that such e-mail address is not furnished or owned by your employer.*

| | | | |
|---|---|---|---|
| Street Address | | | |
| City | | State | ZIP |
| Email | | Cell Phone | |
| Work Phone | | Home Phone | |